AFFIDAVIT OF DEPORTATION OFFICER DAVID F. BECK

I, David F. Beck, Jr., having been duly sworn, do hereby dispose and state as follow:

1. I am a Deportation Officer with Immigration and Customs Enforcement ("ICE"), formerly known as the Immigration and Naturalization Service ("INS"), of the Department of Homeland Security, and have been so employed since 2007. I began my career with ICE as an Immigration Enforcement Agent in 2007 and was promoted to my current position of Deportation Officer in November of 2011. Prior to my career with Immigration and Customs Enforcement, I held the position of Police Officer with the NYPD and Hartford Police Department and have also worked as a Special Agent with the Drug Enforcement Administration. I have received training and experience in the enforcement of the immigration laws of the United States and detection and apprehension of aliens who are in the United States unlawfully. Among other duties, I am assigned to investigate cases involving persons who have illegally reentered the United States after having been deported and other violations of the Immigration and Nationality Act.

2. I make this affidavit in support of a warrant to arrest, and criminal complaint against, EDY REYNALDO VALLEJO,

charging him with unlawful reentry after deportation, in violation of Title 8, United States Code, Section 1326.

3. The information set forth in this affidavit is based on my own investigation, my review of VALLEJO's immigration file (or "A-file") and my conversations with other ICE agents, as well as information provided by other law enforcement officials. Since this affidavit is being submitted for the limited purpose of obtaining a warrant to arrest, and for a criminal complaint against, EDY REYNALDO VALLEJO, I have not set forth each and every fact known to myself and other law enforcement officers concerning this investigation. Rather, I have set forth only those material facts that I believe are necessary to establish probable cause in support of the criminal complaint and arrest warrant.

4. As confirmed by documents in his A-file, EDY REYNALDO VALLEJO is a native and citizen of Guatemala. On September 30, 2009, he was encountered by ICE at the Middlesex Superior Court Probation Department. VALLEJO was on probation after a conviction for indecent assault and battery on a person over 14 years of age. He was taken into custody and placed into removal proceedings. An immigration judge ordered EDY REYNALDO VALLEJO removed on December 1, 2009 and he was deported to Guatemala on January 28, 2010.

## The Instant Offense

5.     Thereafter, EDY REYNALDO VALLEJO re-entered the United States at a place and time unknown. On January 30, 2013, VALLEJO was encountered by ICE subsequent to an arrest by the Massachusetts State Police for motor vehicle infractions. A fingerprint check during booking by the State Troopers revealed that VALLEJO had been previously deported. VALLEJO's fingerprints also generated a Secure Communities program confirmation or "hit," thereby further confirming his identity and prior deportation. On February 13, 2013, VALLEJO admitted in a written and sworn statement his identity, that he is a citizen of Guatemala, that he had previously been deported and that he had subsequently illegally reentered the United States. On April 25, 2013, VALLEJO was taken into ICE custody.

6.     An analysis of VALLEJO's fingerprints revealed that he had been previously deported and removed under the same name, i.e., EDY REYNALDO VALLEJO.

7.     On the prior occasion that VALLEJO was deported and removed from the United States, his deportation and removal was witnessed by an ICE agent who took VALLEJO's photograph, right index fingerprint and signature on a Form I-205.

8.     I have compared VALLEJO's recent booking

3

photographs to the photograph that was taken at the prior removal. In my opinion, they are the same individual.

9. I asked the Federal Bureau of Investigation ("FBI") to compare the fingerprints taken by the Massachusetts State Police on January 28, 2013 from VALLEJO with the fingerprints taken from VALLEJO by ICE on September 30, 2009 and with the single right index fingerprint taken by ICE on January 28, 2010 in connection with his deportation. The FBI has confirmed that the two complete sets of prints match (i.e., from 2009 and 2013), but that the deportation fingerprint was of too poor a quality to be compared.

10. I have reviewed VALLEJO's A-file and determined that there is no evidence that he received the express consent to re-apply for admission to the United States from the Attorney General prior to March 1, 2003, nor the express consent of the Secretary of the Department of Homeland Security since March 1, 2003. If such an application had been made, it would be reflected in VALLEJO's A-file. Moreover, VALLEJO admitted that he had not applied for permission to reenter the United States in his recent sworn statement.

11. Based on the foregoing, I submit that there is probable cause to believe that on or about January 30, 2013, EDY REYNALDO VALLEJO, being an alien and having been excluded, deported, and removed from the United States after

a conviction for an aggravated felony - i.e., indecent assault and battery on a person over 14 years of age, was found in the United States, that is, Concord, Massachusetts, without having received the express consent of the United States Attorney General prior to March 1, 2003, or the express consent of the Secretary of the Department of Homeland Security since that date, to reapply for admission to the United States, all in violation of Title 8, United States Code, Section 1326(a).

WHEREFORE, your affiant requests that a criminal complaint against and warrant to arrest EDY REYNALDO VALLEJO issue so that he may be dealt with according to law.

_____
David F. Beck
Deportation Officer
U.S. Bureau of Immigration and
Customs Enforcement

**MAY 1 5 2013**

Sworn and subscribed to me this _____ day of May 2013.

_____
ROBERT B. COLLINGS
United States Magistrate Judge